IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| CARLOS RUTHERFORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. |
| ) | |
| BUTLER COUNTY, MISSOURI, ) | JURY TRIAL DEMANDED |
| MARK DOBBS, SAMI TSCHERNING,) | |
| DAVID LIGHT, AND CODY ) | |
| WILSON, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiff Carlos Rutherford ("Plaintiff") for his cause of action states as follows:

1. Plaintiff Carlos Rutherford is a resident of St. Louis County, Missouri.

2. Defendant Butler County, Missouri, is a Missouri County. It owns and operates a Sheriff's department and jail.

3. At all times referenced herein, Defendant Butler County acted under the color of law, statutes, ordinances, regulations, policies, customs and usages of the State of Missouri and Butler County Sheriff's Department pursuant to its authority as a political subdivision of Missouri. It may be served by serving the Clerk of County Commission located at 100 N. Main Street, Room 202, Poplar Bluff, MO 63901 and/or presiding commissioner Vince Lampe.

4. Defendant Mark Dobbs ("Dobbs") was at all times mentioned herein the duly elected Sheriff of Butler County, Missouri. He acted under the color of law,

1

statutes, ordinances, regulations, policies, customs and usages of the State of Missouri and the Butler County Sheriff's Department pursuant to his authority as a duly elected and appointed Sheriff and is sued in his individual capacity. Pursuant to Section 221.020, RSMo., Dobbs is vicariously liable for the actions and/or inactions of Sheriff's deputies and/or Butler County Jail employees.

5. Defendant Sami Tscherning was at all times mentioned herein a Corrections Officer employed by Butler County. He acted under the color of law, statutes, ordinances, regulations, policies, customs and usages of the State of Missouri and the Butler County Sheriff's Department pursuant to his authority as a duly appointed corrections officer and is sued in his individual capacity.

6. Defendant David Light was at all times mentioned herein a duly appointed Corrections Officer employed by Butler County. He acted under the color of law, statutes, ordinances, regulations, policies, customs and usages of the State of Missouri and the Butler County Sheriff's Department pursuant to his authority as a duly appointed Corrections Officer and is sued in his individual capacity.

7. Defendant Cody Wilson was at all times mentioned herein a duly appointed detective employed by Butler County. He acted under the color of law, statutes, ordinances, regulations, policies, customs and usages of the State of Missouri and the Butler County Sheriff's Department pursuant to his authority as a duly appointed detective and is sued in his individual capacity. Upon information and belief, Wilson kicked Plaintiff on the right side of his body.

8. This action is brought pursuant to 42 U.S.C. § 1983, 1985 & 1988 and the

Eighth Amendment to the United States Constitution together with supplemental Missouri state law claims.

9. The Court has jurisdiction over the action pursuant to 42 U.S.C. § 1983, 1985 & 1988, 28 U.S.C. §§1331 and 1343. This Court has jurisdiction over the supplemental state law claims pursuant to 28 U.S.C. §1367(b).

10. The Plaintiff is a natural person who is entitled to bring this action for money damages. The Defendants reside within the jurisdictional limits of the United States District Court for the Eastern District of Missouri and more specifically within the Southeastern Division for that court.

11. The constitutional violations alleged and the events described herein happened in Butler County, Missouri, which is within the geographic jurisdiction encompassed by this Honorable Court.

12. The Plaintiff is the persons aggrieved by the violation of his civil rights which violations are made actionable under 42 U.S.C. §§1983 and 1985.

## ALLEGATIONS COMMON TO ALL COUNTS

13. Plaintiff had well-established constitutional rights to be protected from assault by an employee of the state, the right to be free from excessive force used by an employee of the state, and to not be deprived of life, liberty or the pursuit of happiness without due process of law.

14. At all relevant times herein Plaintiff was a resident of Missouri.

15. Plaintiff was born on October 27, 1980.

16. As a pretrial detainee, Plaintiff was assaulted by Defendants Sami Tscherning, Cody Wilson, and David Light, while in the custody of the Butler County Sheriff's Department.

17. On January 27, 2022, Plaintiff was transported from the Butler County Jail through a tunnel system and up an elevator to an appearance before Judge Wade Pierce. Before entering the court room, Plaintiff spoke briefly with his girlfriend who was waiting outside.

18. The corrections officers escorting Plaintiff told him to stop speaking to his girlfriend and he immediately complied. He then entered the courtroom for his appearance before Judge Pierce.

19. Following his court appearance, Plaintiff exited the courtroom and was escorted back to the Butler County Jail by Defendant Tscherning. Plaintiff was shackled like all prisoners being escorted to and from court. Defendant Tscherning took Plaintiff to the "dry cell" where other corrections officers were waiting.

20. Defendants Tscherning, Light, and Wilson took him to this cell with the intended and pre-meditated purpose of assaulting and beating Plaintiff.

21. Upon placing Plaintiff in the "dry cell," Plaintiff's shackles and cuffs were removed. Defendant Tscherning demanded that Plaintiff apologize for his behavior in Court. Plaintiff refused because he did not believe he did anything wrong.

22. Defendant Tscherning then struck Plaintiff. He was taken to the ground by Defendants Light and Tscherning and struck more, including blows to the head. Defendant Wilson then proceeded to kick Plaintiff while he was on the ground.

4

23. Plaintiff attempted to cover himself and protect himself from the blows by the Defendants. He did not resist Defendants Tscherning, Light, and Wilson. They did not give him any commands prior to or during the beating.

24. Plaintiff was injured during the assault. He requested medical treatment several times but was denied. He only received medical treatment in July 2022 when it was requested by his attorney.

25. Plaintiff suffered injuries to his head, neck, and ribs during the assault. He continues to suffer from headaches, neck pain, and rib pain following the assault.

26. The assault incident was recorded on the Butler County Sheriff's department video recording system. The video has since been lost. A portion of the video was preserved by Jess Allen, a Butler County Corrections Officer, on his cellular telephone. The preserved video shows Defendant Wilson kicking Plaintiff while Plaintiff was on the ground.

27. As a result of the assault by Defendants Tscherning, Light and Wilson, Plaintiff suffered significant pain and suffering, required medical treatment, and will require such treatment in the future.

COUNT I – PROTECTION FROM ASSAULT AND USE OF EXCESSIVE FORCE

28. Plaintiff incorporates by reference the allegations contained in paragraphs one (1) through twenty-seven (27) as if fully set forth herein.

29. Plaintiff had a well-established constitutional right to be free from assault by an officer of the state and to be free from the use of excessive force.

30. Defendants Dobbs, Tscherning, Light and Wilson (collectively "Individual Defendants") were aware of Plaintiff's right to be free from assault by an officer and/or the use of excessive force. In spite of this, Defendants Tscherning, Light, and Wilson planned to assault Plaintiff in the "dry cell" upon his return from court on January 27, 2022, to punish him for his alleged behavior during his Court appearance.

31. Plaintiff did not threaten, approach, impede, strike, or otherwise resist Defendants Tscherning, Light, and Wilson in any way. Individual Defendants were not acting in a good faith effort to maintain or restore discipline. Individual Defendants were acting maliciously for the purpose of causing harm to Plaintiff.

33. Despite the lack of resistance from Plaintiff, Individual Defendants assaulted and beat Plaintiff, using excessive force, and/or failed to prevent and/or intervene to stop any of the Defendants from beating Plaintiff and using excessive force.

33. Individual Defendants' actions and failures, as described herein, showed deliberate indifference to Plaintiff's constitutional right to be free from assault and use of excessive force by Defendants Tscherning, Light, and Wilson.

34. As a direct and proximate result of Individual Defendants' deliberate indifference to Plaintiff's constitutional right to be free from assault and the use of excessive force and the resulting violation of his constitutional rights, Plaintiff was assaulted and beaten by Defendants Tscherning, Light and Wilson.

35. As a direct and proximate result of Individual Defendants' deliberate indifference to Plaintiff's constitutional right to be free from assault and the use of excessive force and the resulting violation of his constitutional rights, Plaintiff suffered

6

significant pain and suffering, required medical treatment, and will require such treatment in the future.

36. If the Plaintiff prevails and is awarded actual or nominal damages, Plaintiff is entitled to an award of attorneys' fees pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff respectfully request that this Court enter judgment in his favor, and against Individual Defendants, on Count I of Plaintiff's Complaint, award him his costs of suit, reasonable attorneys' fees, and any further relief this Court deems just and appropriate.

COUNT II – PATTERN OF UNCONSTITUTIONAL CONDUCT BY BUTLER COUNTY, MISSOURI

37. Plaintiff incorporates by reference the allegations contained in paragraphs one (1) through thirty-six (36) as if fully set forth herein.

38. Defendant Butler County had a duty to promulgate policies and procedures, provide adequate training to its employees, and provide adequate numbers of employees to prevent the violation of inmates' and detainees' well established constitutional rights.

39. Defendant Butler County failed to put into place sufficient policies, procedures, and safety rules to provide adequate supervision of inmates so as to prevent the violation of inmates' constitutional rights, including but not limited to, preventing its employees from assaulting inmates, using excessive force upon inmates, and/or denying medical treatment to inmates.

40. Defendant Butler County failed to provide adequate training to its employees to insure that inmates received adequate supervision, including but not limited to, preventing its employees from assaulting inmates, using excessive force upon inmates, and/or denying medical treatment to inmates so as to prevent the violation of inmates' constitutional rights.

41. Defendant Butler County failed to provide adequate staffing to insure that inmates received adequate supervision including but not limited to, preventing its employees from assaulting inmates, using excessive force upon inmates, and/or denying medical treatment to inmates so as to prevent the violation of inmates' constitutional rights.

42. As a direct and proximate result of the failures of Butler County to promulgate sufficient policies, procedures, and safety rules, provide adequate training to its employees, and to provide adequate staffing as described herein, Defendant Butler County created a pattern of unconstitutional conduct resulting in the violation of inmates' constitutional rights to be free from assault, free m the use of excessive force by its employees, and/or to be provided medical treatment for inmates in serious need.

43. Defendant Butler County was aware of the pattern of unconstitutional conduct described herein and was deliberately indifferent to or tacitly authorized the unconstitutional conduct.

44. As a direct and proximate result of the failures of Butler County to promulgate sufficient policies, procedures, and safety rules, provide adequate training to its employees, and to provide adequate staffing as described herein, Defendant Butler

County was deliberately indifferent to the violation of Plaintiff's well-established constitutional rights to be free from assault, free from the use excessive force, and/or to receive medical treatment by Butler County's employees.

45. As a direct and proximate result of the failures of Butler County to promulgate sufficient policies, procedures, and safety rules, provide adequate training to its employees, and to provide adequate staffing as described herein and the resulting violation of Plaintiff's constitutional rights, Plaintiff was assaulted, subjected to excessive force, and denied medical treatment by Defendants Tscherning, Light and Wilson.

46. As a direct and proximate result of the failures of Butler County to promulgate sufficient policies, procedures, and safety rules, provide adequate training to its employees, and to provide adequate staffing as described herein and the resulting violation of Plaintiff's constitutional rights, Plaintiff suffered significant pain and suffering, required medical treatment, and will required such treatment in the future.

47. If the Plaintiff prevails and is awarded actual or nominal damages, Plaintiff is entitled to an award of attorneys' fees pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor, and against Defendant Butler County Missouri on Count II of Plaintiff's Complaint, award him his costs of suit, reasonable attorneys' fees, and any further relief this Court deems just and appropriate.

COUNT III – DENIAL OF MEDICAL TREATMENT

48. Plaintiff incorporates by reference the allegations contained in paragraphs one (1) through forty-seven (47) as if fully set forth herein.

49. Plaintiff had a well-established constitutional right to medical treatment to treat a serious medical need.

50. Following the beating Plaintiff received at the hands of Defendants Tscherning, Light, and Wilson Plaintiff had a serious need for medical treatment for his head, neck, and ribs which were injured during the assault.

51. Defendants Tscherning, Light, and Wilson were aware of Plaintiff's serious need for medical treatment to diagnose and relieve the injuries he suffered to his head, neck, and ribs during his assault by Defendants.

52. Defendants Tscherning, Light, and Wilson's actions and failures, as described herein, showed deliberate indifference to Plaintiff's constitutional right to receive medical treatment when he was in serious need thereof.

53. As a direct and proximate result of Defendants Tscherning, Light, and Wilson's deliberate indifference to Plaintiff's constitutional right to receive medical treatment when he was in serious need thereof and the resulting violation of his constitutional rights, Plaintiff did not receive the medical care he required.

54. As a direct and proximate result of Defendants Tscherning, Light, and Wilson's deliberate indifference to Plaintiff's constitutional right to receive medical treatment when he was in serious need thereof and the resulting violation of his constitutional rights, Plaintiff suffered prolonged and ongoing pain, injury, and dysfunction to his head, ribs, and hands, which pain, injury, and dysfunction would

have been either fully or partially relieved by the provision of medical treatment to Plaintiff, and Plaintiff will require additional medical treatment in the future due to Defendants' denial of immediate medical attention and the subsequent delay in his receipt of medical care.

55. If the Plaintiff prevails and is awarded actual or nominal damages, Plaintiff is entitled to an award of attorneys' fees pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff respectfully request that this Court enter judgment in his favor, and against Defendants Tscherning, Light, and Wilson, on Count III of Plaintiff's Complaint, award him his costs of suit, reasonable attorneys' fees, and any further relief this Court deems just and appropriate.

Respectfully Submitted,

*/s/ Stephen E. Walsh*
Stephen E. Walsh #24992
WALSH LAW FIRM, LLC
635 N. Main Street
Poplar Bluff, MO  63901
TEL: 573 712 2909
FAX 573 712 2912
swalsh@walsh-firm.com

BLANTON, NICKELL, COLLINS,
DOUGLAS & HANSCHEN, L.L.C.
219 S. Kingshighway
Post Office Box 805
Sikeston, MO 63801
Phone: (573)471-1000
Fax:(573)471-1012
shanschen@blantonlaw.com

*/s/ Shaun D. Hanschen*
Shaun D. Hanschen #56821